# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GEORGIA M. HALL, a caregiver for                    CIVIL ACTION NO.
HARRY W. HALL, PRO SE, ET AL.

VERSUS

                                                     23-1686-JWD-EWD

LIVINGSTON PARISH GOVERNMENT
AS A UNIT, ET AL.

## ORDER

Before the Court is the Complaint for Violation of Civil Rights (the "Complaint"), filed by Georgia M. Hall ("Hall").[1]   In this case, Hall is trying to represent Harry W. Hall, Jr. ("HWH") without a lawyer. Because the information in the Complaint calls into question whether HWH has the legal capacity to represent himself, and because Hall cannot represent HWH without an attorney since she does not "own" his claims, an amended complaint is required.[2]

The following motions, which were signed only by Hall, will be stricken from the record: "Motion to Order the Defendants….and their third-party surveyor to resurvey Boondocking road," and "Plaintiff Harry W Hall's Motion for Leave to Amend Plaintiff's Complaint."[3]  Because HWH is ordered to file an amended complaint, the pending Motion to Dismiss, Pursuant to FRCP Rule

---

[1] R. Doc. 1.

[2] As discussed below, Hall has not brought any claims on her own behalf in this lawsuit.  Because Hall is trying to represent HWH for violations of HWH's rights, without a lawyer, this Order is issued on the Court's own motion. *See, e.g., Grenet v. State Farm Lloyds*, No. 08-643, 2008 WL 11474888, at *1 (S.D. Tex. July 2, 2008) ("Thus, before the Court rules on State Farm's pending motion to dismiss, the Court must *sua sponte* determine whether the Grenets, now *pro se* plaintiffs, may represent their minor children in this dispute.") and *Johnson v. Lane,* No. 23-1453, 2024 WL 2335667, at *2-3 (N.D. Tex. Apr. 30, 2024), report and recommendation adopted, No. 23-1453, 2024 WL 2331727 (N.D. Tex. May 22, 2024) ("…where a non-lawyer files a lawsuit that is not his "own" – and therefore fails to allege an injury that is personal to him – the lawsuit is subject to dismissal for lack of standing," and "Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits.").

[3] R. Docs. 10, 14.

12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss"), filed by Defendants,[4] will be terminated under Local Civil Rule 12 without prejudice to refiling.[5]

## I.    BACKGROUND

    Hall filed this suit on December 21, 2023 without an attorney (pro se) against the "Livingston Parish Government;" Layton Ricks, individually and as Parish President; nine Livingston Parish council members; and Sam Digirolamo, as Livingston Parish Director of Public Works.[6]  The Complaint asserts claims on behalf of HWH under several federal statutes, both criminal and civil, as well as alleged constitutional, ethical, and municipal code violations.  The primary complaint is that HWH has been denied access to community services, such as delivery of his mail by the U.S. Postal Service, waste management services, and access to the Livingston Council on Aging's transportation bus, because Defendants have allegedly refused to install a cul-de-sac at the end of Boondocking Road, where HWH lives.  Hall claims the cul-de-sac is required by Parish Ordinance.[7]

    On January 12, 2024, Defendants filed the Motion to Dismiss. The opposition memorandum was signed only by Hall as "(Caregiver for Harry W. Hall, Jr.)."[8]  On June 10, 2024,

---

[4] R. Docs. 4.

[5] Local Civil Rule 12 states: "If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist therefor based upon the allegations contained in the amended complaint."  The Court's Local Civil Rules can be found at http://www.lamd.uscourts.gov/court-info/local-rules-and-orders.

[6] R. Doc. 1, p. 1.  Council members Jeff Ard, Garry Talbert, Maurice "Scooter" Keen, John Wascom, Erin Sandefur, Gerald McMorris, Tracy Girlinhouse, Randy Delatte, and Shane Mack are also named "individually." Plaintiff also named "Does unknown" as both plaintiffs and defendants.  *See also* the certificate of service, where Hall states that she served the same twelve defendants with the Complaint via U.S. Postal Service priority mail.  Hall paid the civil docketing fee and filed a consent to receive electronic service of documents filed in this case. R. Doc. 1-2.

[7] *See* R. Doc. 1, ¶¶ 1, 5 and *see, e.g.,* ¶ 1 (alleging a violation of criminal statute 18 U.S.C. § 242 and Livingston Parish Code of Ordinances Art. I, Sec. 58-10); ¶ 2 (alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*) (the "ADA"); ¶ 7 (alleging a violation of the Equal Protection Clause of the Fourteenth Amendment); ¶ 22 (alleging violations of "Sec 504 of the RA [possibly, the Rehabilitation Act], the law of 1983 and the OAA [possibly, the Older Americans Act]...").  In connection with these claims, the Complaint seeks a declaratory judgment, among other relief.  R. Doc. 1, pp. 14-15 (Request for Relief). The Court does not reach the issue of the viability of these claims at this time.

[8] R. Doc. 4; R. Doc. 8, p. 14.

Hall filed a "Motion to Order the Defendants….and their third-party surveyor to resurvey Boondocking road" ("Motion for Survey") on behalf of HWH, which seeks an order requiring Defendants to re-survey Boondocking Road. The Motion for Survey and supporting memorandum were also signed only by Hall.[9] The Motion to Order is opposed by Defendants.[10]  On June 17, 2024, Hall filed a Reply to Defendants' opposition to Hall's Motion to Order, which was stricken from the record because leave of court was not sought as required by Local Civil Rule 7(f).[11] Hall then filed a "Motion for Leave to Amend Plaintiff's Complaint" ("Motion for Leave to Amend"), which alleges similar claims to those asserted in the original Complaint, but which attempts to add a new claim that challenges defense counsel's representation of Defendants, among other matters.[12] The Motion for Leave to Amend is also signed only by Hall "Pro Se, as Caregiver for Plaintiff, Harry W Hall, Jr. POA."[13]

## II.    LAW AND ANALYSIS

### A.  Legal Standard Under 28 U.S.C. § 1654

28 U.S.C. § 1654 provides as follows:  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[14]  Traditionally, the general

---

[9] R. Doc. 10 (Motion for Survey signed only by Hall, *id.* at p. 1 and R. Doc. 10-1, p. 3 signed by Hall "Pro Se for Harry W. Hall, Jr. POA").  The Motion for Survey also re-alleges federal discrimination claims against Defendants, contending that Defendants have deprived HWH of his rights. R. Doc. 10-1, p. 2.

[10] R. Doc. 11.

[11] R. Docs. 12-13.  As noted in the Court's Order, Local Civil Rule 7(f) requires leave of court to file a reply memorandum for a motion other than one filed under Federal Rule of Civil Procedure 12 or 56.

[12] R. Doc. 14.  *See also* R. Doc. 14-1, p. 3 (addressing qualified immunity), pp. 7-9 (alleging defense counsel is not a district attorney or special legal counsel to the Parish as allegedly required by the Livingston Parish Charter and/or Louisiana law), and p. 17 (seeking an order to re-survey the road, an order declaring defense counsel's engagement letter illegal, and other newly asserted relief, including an order to require that the director of the Public Works Department for the Parish be a "graduate registered civil engineer," as allegedly required by the Charter).

[13] R. Doc. 14, p. 3; and *see* R. Doc. 14-1, p. 17 (proposed First Amended Complaint also signed only by Hall).

[14] *See also* Fed. R. Civ. P. 11(a) which provides, in pertinent part: "(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Similarly, Local Civil Rules 11(a)(1) and (4) provide that every document must be signed by counsel admitted to practice in this Court, or if the party is not represented by counsel, "shall be signed by the party…."

rule in federal court is that, while *parties* have the right to represent themselves under 28 U.S.C § 1654, a person, who is not an attorney, cannot represent another individual.[15]   In this case, Hall filed the Complaint in her capacity as "caregiver" on behalf of HWH.[16]   The substantive allegations reflect that Hall wrote the Complaint, but she is not asserting any claims on her own behalf.   All the allegations in the Complaint, and in the proposed First Amended Complaint, are stated by Hall in a representative capacity to assert claims belonging to HWH. As such, HWH is the real party in interest as "the person holding the substantive right sought to be enforced…."[17] "This requirement [of suit instituted by the real party in interest] is in essence a codification of the prudential standing requirement that a litigant cannot sue in federal court to enforce the rights of third parties."[18]

### B.  It is Unclear if HWH Has Legal Capacity to Prosecute His Claims

The original Complaint is signed by Hall as "caregiver" and also appears to be signed by HWH.[19]   It is the only document in the record that contains what purports to be HWH's signature. However, the attestation under penalty of perjury in the Complaint is phrased in the plural, *i.e.*, "We hereby certify…,"[20]  and the Complaint states that HWH has been "declared a person with a permanent total disability" since 2000, with a traumatic brain injury diagnosed in 2002.[21]

Fed. R. Civ. Proc. 17(b)(3) states that the "capacity to sue or be sued shall be determined by the law of the state in which the district is held."  Under Louisiana law, "[a] competent major

---

[15] *Dolen-Cartwright on behalf of G.C. v. Alexander,* No. 21-527, 2022 WL 848088, at *6 (M.D. La. Feb. 24, 2022), report and recommendation adopted, No. 21-527, 2022 WL 842853 (M.D. La. Mar. 21, 2022), appeal dismissed sub nom. *Dolen-Cartwright on behalf of G.C. v. Ascension Par. Sch. Bd.*, No. 22-30235, 2022 WL 15117152 (5th Cir. July 5, 2022).

[16] R. Doc. 1 and *see* the case caption at p. 1 ("Georgia M. Hall, A Caregiver for Harry W. Hall, Jr., Pro Se, A Person With Disabilities and a Traumatic Brain Injury (TBI) and Does unknown. Plaintiffs"

[17] *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 12-149, 2013 WL 3834626, at *2 (N.D. Tex. July 25, 2013).

[18] *Pyramid Transp., Inc.,* 2013 WL 3834626, at *2, citing *Ensley v. Cody Res., Inc.,* 171 F.3d 315, 320, n. 10 (5th Cir. 1999) (stating that Rule 17(a) addresses prudential standing limitation) (other citations omitted).

[19] R. Doc. 1, p. 1, case caption, ¶¶ 6, 12-14 (referring to Hall as HWH's "caregiver"), and p. 15.

[20] R. Doc. 1, p. 15.

[21] R. Doc. 1, ¶¶ 2, 10, 25, 35.

… has the procedural capacity to sue."[22]  HWH is a major,[23] but allegations about HWH's condition cast doubt as to whether HWH is a "competent" major, who has the requisite mental capacity to sign the Complaint and to prosecute his claims.

### C.  Hall Cannot Represent HWH Because HWH's Claims are Not "Owned" by Hall

If HWH is not competent to represent himself, then La. Code Civ. Pro. art. 684 applies, which provides, in relevant part: "A mental incompetent does not have the procedural capacity to sue…the curator is the proper plaintiff to sue to enforce a right of an interdict."  There is no evidence in the record that Hall was appointed as HWH's curator (or other duly authorized legal representative).[24]  At most, Hall relies on a twenty-two-year-old Durable General Power of Attorney ("POA"), executed by HWH in 2002;[25] however, this Court and others have held that a POA, standing alone, does not give Hall procedural capacity to raise claims on behalf of HWH under Fed. R. Civ. P. 17.[26]  *See Speed v. Bank of New York:*

> "Parties may proceed in federal court only *pro se* or through counsel." *Williams v. United States,* 477 F. App'x 9, 11 (3d Cir. Apr. 20, 2012) (per

---

[22] *Dolen-Cartwright on behalf of G.C.,* 2022 WL 848088, at *5, citing Louisiana Code of Civil Procedure art. 681.

[23] In Louisiana, adulthood is attained at the age of eighteen.  Louisiana Civil Code art. 29.  According to Hall, HWH was declared to have a permanent total disability at the age of 53 in 2000, so HWH is approximately 77 years of age. R. Doc. 1, p. 3.

[24] Hall's Durable General Power of Attorney is discussed *below.* Notably, it only "nominate[s]" Hall to act as HWH's guardian under Wisconsin law (*i.e.*, Wis. Stat. § 243.07, since repealed by 2009 Act 319, § 14, eff. Sept. 1, 2010 and reenacted at Wis. Stat. § 244.01, *et seq.*).  R. Doc. 14-5, p. 5.  Significantly, no court order duly authorizing Hall to act on HWH's behalf has been provided.

[25] R. Doc. 14-5.  Significantly, the POA was signed in 2002, after the Amended Complaint alleges that HWH was declared to have a permanent total disability and the same year he was diagnosed with a TBI; as such, it is unclear if HWH was even competent to sign the POA. R. Doc. 1, p. 3.

[26] *See Sublett v. Premier Bancorp Self Funded Med. Plan,* 683 F. Supp. 153, 155 (M.D. La. 1988) (dismissing claim filed by ex-husband of the true party in interest, and holding that the power of attorney to ex-husband was insufficient to allow him to litigate the claims under Fed. R. Civ. P. 17(a) because "it is clear that [the true party in interest] has not been interdicted or otherwise declared incompetent by a court of competent jurisdiction," and was the proper party to pursue the claim).  *See Pyramid Transp. Inc.,* 2013 WL 3834626, at *3 (noting that a POA "does not itself provide the agent with a substantive right as an assignment does. For this reason, it is generally acknowledged that a party with only a power of attorney is not a real party in interest.") (citations omitted).  *See also Jones v. Par. Nat. Bank,* No. 08-1487, 2008 WL 4790329, at *1 (E.D. La. Oct. 29, 2008) (holding that POA did not give legal capacity to raise claims on behalf of minor children or partner).  *See also Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (dismissing habeas corpus petition filed by representative on behalf of incarcerated couple as a "next friend" based on POA and holding: "Here the requisite showing of a need for a 'next friend' is lacking; the powers of attorney, executed by the [incarcerated couple], cannot alone transform [the representative] into a 'next friend.'").

curiam) (citing 28 U.S.C. § 1654). While a "power of attorney ... may confer certain decision-making authority under state law, [ ] it does not permit [a layperson] to represent [a litigant] *pro se* in federal court." *Id.* (citations omitted); *see also Estate of Keatinge v. Biddle,* 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir.2001) ("attorney-in-fact" for daughter not permitted to litigate *pro se* on her behalf); *Deal v. Massey & Assocs.,* No. 1:10–CV–18, 2010 WL 3397681, at *1 (E.D. Tenn. Aug.26, 2010) ("Regardless of this power of attorney, although a lay person is entitled to represent himself, the Court is unaware of any authority permitting a lay person to appear as an attorney for another person." (citing 28 U.S.C. § 1654)). The Court cannot allow a layperson to represent a *pro se* litigant, and any judgment on the merits entered in such a case is subject to vacatur by the Court of Appeals [citation omitted].[27]

*See also Wilkins v. Att'y Keval Patel L. Firm:*

> For purposes of this order, the Court will assume without deciding that [Acosta] has a valid Power of Attorney for ... Plaintiffs. Even with that assumption, however, [Acosta] is not authorized to represent [a] pro se party in federal court. By statute, a federal litigant "may plead and conduct their own cases personally or by counsel." *See* 28 U.S.C. § 1654. Based on all information before the Court, Acosta is [not] an attorney authorized to practice law in Texas or elsewhere.... Section 1654 does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it. While a power of attorney may confer certain decision-making authority under state law, it does not change the requirements of § 1654....[28]

---

[27] No. 14-3425, 2014 WL 6473420, at *2 (N.D. Tex. Nov. 18, 2014) (recommending dismissal of case without prejudice after spouse, who filed suit on behalf of her husband, failed to comply with court orders to file an amended complaint signed by the husband or by a licensed attorney). *See also Jones,* 2008 WL 4790329, at *3 ("Jones does not allege that he is licensed to practice law in Louisiana. Accordingly, he may not represent anyone in this Court. An individual may appear in this Court as a *pro se* litigant or through a counsel admitted to practice in this Court. L.R. 11.1. There is no provision for a *pro se* litigant to be represented by someone who is not admitted to practice in this Court. *See Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (a power of attorney did not permit a non-lawyer to appear as a "next friend" on behalf of party to a lawsuit). Although Jones alleges that he possesses a power of attorney from Duwell, it does not authorize him to represent her in federal court.").

[28] No. 23-88, 2023 WL 5173984, at *1 (S.D. Tex. June 16, 2023) (ordering layperson filing suit on behalf of litigant to show cause why sanctions should not be imposed for engaging in the unauthorized practice of law). *See also Weber,* 570 F.2d at 514 (non-lawyer who did not qualify as a "next friend" could also not engage in the unauthorized practice of law by filing a petition for habeas corpus on behalf of incarcerated couple based on a POA, and holding: "Since she has not qualified as a "next friend," Leona Weber may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law. The powers of attorney executed by the Zimmermans do not invest her with such authority. The Zimmermans are not entitled to have an unlicensed lay person represent them either in the district court or here.") (citations omitted)

However, even if Hall had procedural capacity to represent HWH, Hall filed the Complaint, and has sought leave to file a proposed First Amended Complaint, without an attorney, and there is no indication that Hall is admitted to practice law in this Court, or any other court.[29]  As Hall is not a licensed attorney, she cannot represent HWH in this case, as this Court and many others have long held.[30]  On this point, *Raskin on behalf of JD* is instructive.[31]

In *Raskin,* the U.S. Court of Appeals for the Fifth Circuit, whose case decisions are binding on this Court, held that, while parties generally have the right to represent themselves under 28 U.S.C § 1654, a party cannot represent her child unless the child's case is the parent's "own."[32]  The parent seeking to represent a child bears the burden of showing that federal or state law authorizes her to do so.[33]  Here, applying the same principles, Hall has not shown that federal or state law allows her to prosecute this case on behalf of HWH and she cannot now claim that this case is her own.  Rather, Hall has consistently pleaded in all filings that the claims at issue belong to HWH.  Without some federal or state law designating HWH's claims as belonging to Hall, the traditionally recognized "common-law backdrop" applies, which is that non-attorneys cannot litigate the interests of others under 28 U.S.C. § 1654.[34]

---

[29] *See* R. Doc. 1, p. 15 (signature block stating "Georgia Hall, Caregiver for Harry W. Hall, Jr. Pro Se") and *see also* R. Doc. 14-1, p. 17 (similar as previous).  Hall is not listed as an attorney in the Louisiana State Bar Association Membership Directory.

[30] *Dolen-Cartwright on behalf of G.C.,* 2022 WL 848088, at *6 ("[T]he general rule in federal court is that while parties generally have the right to proceed *pro se* under 28 U.S.C § 1654, a party cannot proceed *pro se* on behalf of another individual, including a spouse or minor children.")(string cite omitted) and *see Raskin on behalf of JD v. Dallas Independent School District,* 69 F.4th at 283-84 (5th Cir. 2023) ("[A]s our court has recognized, at common law, non-attorneys could not litigate the interests of others.") (string cite omitted).

[31] 69 F.4th at 280.  Although *Raskin* dealt with the procedural capacity of a parent attempting to represent her children in court, a curator/interdict relationship (if that exists between Hall and HWH) is sufficiently similar to one between a tutor and a minor child.  That the minor/tutor and interdict/curator relationships are analogous is reinforced by La. Code Civ. Proc. art. 4566(A), which provides: "Except as otherwise provided by law, the relationship between interdict and curator is the same as that between minor and tutor. The rules provided by Articles 4261 through 4269, 4270 through 4274, 4301 through 4342, and 4371 apply to curatorship of interdicts."

[32] *Raskin*, 69 F.4th at 282, citing 28 U.S.C. § 1654.

[33] *Raskin*, 69 F.4th at 287.

[34] *Id.* at 283-84.

### D.  A Comprehensive, Procedurally Proper First Amended Complaint is Required

As it is not clear that HWH can represent himself, but Hall cannot represent him, a comprehensive amended complaint must be filed.  HWH will be ordered to file a comprehensive, proposed amended Complaint that contains all HWH's claims, as revised, supplemented and/or amended, and that is signed by either: HWH, if he has legal capacity to do so; or, by an attorney representing HWH.[35]  If HWH files an amended complaint without being represented by an attorney, a hearing will be ordered for him to appear before the Court to be questioned considering the allegations in prior filings that raise questions about his capacity.

### E.  The Motion for Survey and Motion for Leave to Amend Plaintiff's Complaint Will Be Stricken from the Record, and the Motion to Dismiss Will Be Terminated Under Local Civil Rule 12

The Motion for Survey and Motion for Leave to Amend were also filed by Hall asserting claims on behalf of HWH, without an attorney,[36] which means these filings suffer from the same problems.  As such, these filings will be stricken from the record.  Hall will not be permitted to file any additional documents on behalf of HWH in this case until the issues raised in this Order are resolved.

Under Local Civil Rule 12, the Motion to Dismiss will be terminated without prejudice to refiling, if appropriate, after an amended complaint is filed.[37]

## III.  CONCLUSION

It is not clear whether HWH is competent to represent himself in this case, but Hall is not a licensed attorney and may not represent HWH because Hall does not "own" HWH's claims.  To

---

[35] While the Court has little authority to appoint counsel in civil cases, Southeast Louisiana Legal Services provides free legal services in some cases.  The website is  https://slls.org/en/.

[36] R. Doc. 10 and R. Doc. 14.

[37] Local Civil Rule 12 provides: "If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist therefor based upon the allegations contained in the amended complaint.").

clarify these issues, HWH must file an amended complaint. The pending motions, signed only by Hall on behalf of HGH, will be stricken from the record, and the Motion to Dismiss, filed by Defendants, will be terminated without prejudice to reurging after an amended complaint is filed, if appropriate.

Accordingly,

**IT IS ORDERED** that, **on or before September 12, 2024**, an amended complaint must be filed in this case.  The amended complaint must contain all of Harry W. Hall's factual allegations in support of any claim he is bringing in this case and must name all defendants. The proposed amended complaint must be signed by **EITHER** Harry W. Hall, Jr.; **OR,** an attorney representing Harry W. Hall. If Harry W. Hall files an amended complaint without an attorney, a hearing will be ordered for him to appear before the Court to be questioned considering the allegations in prior filings that raise questions about his capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to **STRIKE** from the record the "Motion to Order the Defendants….and their third-party surveyor to resurvey Boondocking road,"[38] and the "Plaintiff Harry W Hall's Motion for Leave to Amend Plaintiff's Complaint."[39] **Georgia M. Hall MAY NOT file any additional documents on behalf of Harry W. Hall, Jr. in this case until the issues raised in this Order are resolved.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss, Pursuant to FRCP Rule 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted, filed by Defendants Livingston Parish Government, *et al.,* shall be **TERMINATED** under Local Civil Rule 12 without prejudice to reurging, as applicable, after an amended complaint is filed.[40]

---

[38] R. Doc. 10.
[39] R. Doc. 14.
[40] R. Doc. 4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to Georgia M. Hall and to Harry W. Hall, Jr. by certified mail, return receipt requested and by regular mail to 30800 Boondocking Road, Holden, Louisiana 70744.

**Failure to timely respond as ordered may result in dismissal of the claims in this case without further notice.**

Signed in Baton Rouge, Louisiana, August 12, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**