UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGIA M HALL PRO SE,
Plaintiff

Vs

Livingston Parish Government as a unit (LPG), Layton Ricks, Individually Parish President, Sam Digirolamo, individually Director of the Public Works Department, Jeff Ard individual District 1, Garry Talbert individually District 2, Maurice "Scooter" Keen individually District 3, John Wascom individually District 4, Erin Sandefur individually District 5, Gerald McMorris individually District 6, Tracy Girlinghouse individually District 7, Randy Delatte individually District 8, Shane Mack (Mack) individually District 9.

Defendants

GEORGIA M HALL'S AMENDED COMPLAINT.

Civil Action Number

23 cv 01686-JWD-EWD

# TABLE OF CONTENTS

**PAGE**

| | |
|---|---|
| **TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **i** |
| **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| **JURISDICTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| **ALL ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED** . . . . | 2 |
| **CLAIM #1.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| **CLAIM #2.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| **CLAIM #3**. . . . . . . . . . .       . . . . . . . . . . . .       . . . . . . . . . . . . . . . | **4** |
| **CLAIM #4.** . .   . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 |
| **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **5** |
| **REQUEST FOR RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| **EXHIBITS A-E**    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

# INTRODUCTION

1. The intent of this Civil Action. is to force the defendants as elected officials and public employees in the State of Louisiana to obey the Law of the Constitution, Laws of the U S, State Laws, the Livingston Parish Second Amended Home Rule Charter (Charter) and the Livingston Parish Code of Ordinances (Ordinances) (Collectively The LAWS) .

2. The 2023 Louisiana revised Statute 48-512[1] Prohibited Obstruction; as defined in R.S. 48:491[2];

3. Therefore, the Livingston Parish Government (LPG) obstructing and closing my access to services needed by an Older American, and a caregiver for a person with a disability is intentional and has been for over six years and has caused me bodily harm.

# JURISDICTION

4. The Federal Court must take this case, as I have a fundamental right: 1.) to petition the court,   2.) for the court to scrutinize the defendants conduct, actions, or public wrongs, and    3.) for the court to determine if such public

---

[1] Louisiana Statute 48.512. Prohibited obstruction, A. No person shall close or obstruct ....any legal road, public road or street as defined in R. S. 48; 491.

[2] Louisiana Revised Statute 48.491 B.(1)(a)  All Roads and streets in this State which have been or hereafter are kept up, maintained  or worked for a period of three years by the authority of the parish governing authority within its Parish…….shall be public roads or streets.

1

wrongs violated my civil rights and the Equal Protection Clause of the fourteenth Amendment.

5. The Court has jurisdiction, because the elected officials whose public wrongs causing this Civil Action, occurred in the Middle District Court of Louisiana and the Parish of Livingston pursuant to 28 U. S. C. Sec 1391.

6. Therefore, the venue is proper in the U S District Court Middle District of Louisiana

7. 42 U.S.C. § 1213 law, allows the Court to grant the relief sought in this case pursuant to U.S.C Sec 2201-02; allows a judgment within the court's jurisdiction.

## ALL ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

8. I am an Older American and a caregiver, wrote a number of complaints to the Federal representatives, the State representatives and a number of agencies.

9. I contacted U S Representative Garret Graves' office in Washington D.C. and spoke with Alex Erwin . The complaint was given to his liaison, Dalton Peterson (Peterson), located in Baton Rouge, La. Peterson, contacted Christopher Moody, the LPG's legal advisor. He received an email in response, which Peterson forwarded to me. Moody stated: (Exh A . Pg 1)

> The Parish should abandon this road, to the extent that it ever was a public road, but in deference to Ms. Hall it has not". And "We have suggested to Ms. Hall that they seek another place to live".

10. That was my last communication with Peterson

2

11. LPG has not established a grievance procedure for resolving complaints of violations of title II, 28 C.F.R. § 35. 107(b).

12. But in 2017 the local "Government" set up a fully functional Livingston Parish Compliance Department ("Compliance Depart") to take complaints from or against neighbors for Ordinance violations. The "Compliance Depart" lacks the jurisdiction or authority to accept or investigate an "ADA" title II Violation Complaint.

13. **March 08, 2018,** Shane Mack councilman for district 9 put "Discussion of Boondocking" on the agenda, item # 17. Instead of Complaint-Georgia Hall. The road could not speak and I was noted as "public in-put." Therefore, I had no voice. (Exh.B Pg. LPC MARCH 08, 2018 Agenda and meeting minutes for item #17)

14. **September 28, 2023,** I emailed Shane Mack concerning a cul-de-sac at the place where the grader turns around inside of Weyerhaeuser property. ( Exh. C Pg.1-3- EMAIL to Mack, Mack's email to Moody, Digirolamo. My email to McClinton at Weyerhaeuser and his email verifying that he was nit contacted.)

## CLAIM # I

15. I claim the Parish Code: Article 1. Chapter 58, Sec 58-10. All dead-end streets or roads over six hundred (600') feet long are to have a cul-de-sac suitable in size to accommodate a school bus (code 1983, § 14-10; Res of 7-

3

22 –1978). The LPC has repeatedly violated this ordinance by refusing to construct a cul-de-sac to accommodate a contracted garbage and disposal unit. (Exh. D Pg 1-3 - Ordinances Chapter 58 Roads and drainage)

## CLAIM # 2

16. In 1977, the Crown Zellerbach Corporation Right of Way Agreement (ROW Agreement) (Exh. E ,pg ROW Agreement) provided, accepted and signed by President Clarence O'Neal of the Livingston Parish Police Jury (LPPJ) and recorded in the Livingston Parish Clerk of Courts Office. (LPCOC) provides the exact measurements of the road.

> The ROW Agreement, Section 1 leading to my residence is located in the Land Section 19. It states:Begin at the northwest corner of the NE ¼ of the NE ¼ of Section 19, T6S, R6E, for the POINT OF BEGINNING,.....to Crown Zellerbach Corporation property line and the POINT OF ENDING:"

## CLAIM # 3

17. I claim this civil action is brought before the Federal Court because the LPG has continuously refused to fulfill a duty to protect me; thereby causing me emotional distress while I protect my husband, who is a person with a disability. Thus committing a public wrong by not installing a cul-de-sac at the end of Boondocking Road required by the Ordinances: (Chapter 58. Sec 58-10) ( Exh D pg 3)

18. The Older Americans Act Advocate for a Community-based organizations like senior centers which provides core services to older adults, Just like ADA does for persons with a disability.

    1. In Home meal and grocery deliveries
    2. Health education programs.
    3. Job and skills training for older workers
    4. Caregiver support
    5. Transportation assistance
    6. Benefits outreach and enrollment

## **CLAIM # 4**

19. I claim the elected officials *discriminated against my husband, who is a person with a disability* by violating; 42 *USC SEC 12132*[3].

20. Therefore, denying an Older American access to community services, because the defendants allowed a road listed on the parish road maintenance system (RMS) to become a discriminatory barrier.

## **CONCLUSION**

The Grievance Procedure is mandated under the Americans with Disabilities Act of 1990 (the ADA) and Section 504 of the Rehabilitation Act of 1983 (the Rehabilitation Act). The ADA and the

---

4USC SEC 12132  No ADA protected Individual can Be subjected to discrimination by any public entity.

5

Rehabilitation Act prohibit the LPG from excluding people from participation in its services, programs or activities and facilities based on their disability. The LPG is prohibited from denying the benefits of such programs or activities, services, accessibility or employment, and from discriminating against such individuals. The ADA and Rehabilitation Act also require a process for grievances relating to disability-based discrimination.

## REQUEST FOR RELIEF

Under 42 U.S.C. § 12133.

The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-02.

The Plaintiffs respectfully request and pray that the Court will:

(A).  Order the Livingston Parish Government and its Departments to restore Boondocking road to the specifications of the Row Agreement with the required cul-de-sac.

(B)   Grant judgement in favor of the plaintiff and

(C)   Take steps as may be necessary to prevent any future reoccurrence of the discriminating conduct and

(D)   Order the public entities to cease with the Compliance Dept

(E) Order an investigation of the Compliance Department as no Ordinance can be found;

(F) Sanction the Parish officials for violating the Oath of Office as their actions and Omissions violated the plaintiff's civil rights to vote;

(G) Order defendants to pay court cost and expenses,

(H) Order the parish government to comply with the ADA requirements to provide an ADA/OAA coordinator position within 60 days with a link to the Coordinator's website;

(I) Order other appropriate remedies as the interest of justice may require.

I, Georgia M Hall, hereby certify under penalty of perjury that the above petition is true to the best Of my information, knowledge, and belief.

Dated October 16, 2024

*Georgia M. Hall*

Georgia Hall, Pro Se
30800 Boondocking Road
Holden, La. 70744
920 309 2847
Please2listen@gmail.com

7